IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:14cr124-MHT
                            )            (WO)
RICHARD PIGGOTT             )
```

OPINION AND ORDER

Defendant Richard Piggott is now before the court for sentencing for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5).  As part of this process, defense counsel has argued that Piggott has had severe problems with mental and emotional development since birth.  It could well be that this stunted development led to the crime that brings Piggott before the court today.  The court therefore orders the following: (1) an evaluation pursuant to 18 U.S.C. § 4244 of whether Piggott should be committed to a suitable facility for treatment in lieu of imprisonment; and (2) a 'presentence study' on Piggott's mental-health condition pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting the court in

fashioning an appropriate sentence, should the court find that Piggott does not need treatment in custody in lieu of imprisonment.

## I.   BACKGROUND

Piggott has borderline intellectual functioning that can be traced, in part, to being born with an absence of oxygen supply to certain organs at birth (anoxia). He spent his childhood in special-education classes.  His IQ remains in the mid-70s, and he currently spells, reads, and does math at a second-to-fourth-grade level.

This borderline intellectual functioning led to severe issues for Piggott's emotional development. He has no friends and has never had a serious romantic relationship.  He lives at home and is completely dependent on his parents for daily living.  He is a recluse, spending an average day sitting on the couch, smoking cigarettes, and watching television.  In both

his written report and oral testimony, Dr. David Ghostley, a registered psychologist, noted that, if Piggott were incarcerated, his stunted intellectual and emotional development would make him "easy prey" for predators and would likely lead to ongoing problems with staff, for it is likely they would not understand his condition.

## II. TREATMENT IN LIEU OF IMPRISONMENT

The first questions are whether Piggott's criminal conduct can be explained, at least in part, by mental illness and whether he should be committed to a suitable treatment facility rather than imprisoned.

18 U.S.C. § 4244 "allows for hospitalization rather than mere imprisonment for a defendant who requires inpatient mental-health treatment." United States v. Hollon, 983 F. Supp. 2d 1379, 1380-81 (M.D. Ala. 2012) (Thompson, J.). At any time prior to sentencing, the court may order such a hearing on its own, or in

3

response either party's motion, "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244. Because of Piggott's condition, the court will hold a hearing pursuant 18 U.S.C. § 4244(c).

Section 4244 authorizes the court to order a psychiatric or psychological evaluation prior to the hearing, pursuant to 18 U.S.C. § 4247(b) and (c). 18 U.S.C. § 4244(b). "Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." 18 U.S.C. § 4247(b). For the purpose of that examination, the court may commit the defendant for a reasonable period, not to exceed 30 days, and, after that, the director of the facility to which the defendant is committed may apply for a reasonable

extension, not to exceed 15 days. Id. The resulting report should address the matters set forth in 18 U.S.C. § 4247(c). See 18 U.S.C. § 4244(b). In addition, "if the report includes an opinion by the examiners that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need." Id. These "sentencing alternatives" could include recommendations for treatment in prison as well as treatment that follows imprisonment, such as counseling sessions or drug-treatment programs, even though his conditions do not require treatment in lieu of imprisonment. The court will order Piggott committed to the Bureau of Prisons for an evaluation pursuant to 18 U.S.C. § 4244(b).

Upon the completion of the evaluation, the court will hold the hearing pursuant to § 4244(c). "[I]f the court finds by a preponderance of the evidence that the defendant is suffering from a mental disease or defect and should be committed to a facility for treatment in lieu of incarceration, then the court may commit the defendant to the custody of the Attorney General, who will hospitalize him." Hollon, 983 F. Supp. 2d at 1381 (citing 18 U.S.C. § 4244(d)). "Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d). If he is so committed, a defendant "may be released from the hospital when the director of the facility determines that he no longer requires inpatient care." Hollon, 983 F. Supp. 2d at 1381 (citing 18 U.S.C. § 4244(e)). "At that time, if the provisional sentence imposed has not yet expired, then the court will proceed to sentencing and can modify the

provisional sentence according to the Sentencing Guidelines." Id.

## III. PRESENTENCE STUDY

In addition to the above study, the court also orders a mental-health evaluation pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting it in fashioning an appropriate sentence if Piggott is not found to need treatment in lieu of imprisonment.

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants."  United States v. Todd, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines.  The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

7

The court is bound, however, to impose a sentence that is reasonable. The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution. 18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a).

However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b). The evaluation period "shall be no more than sixty days." Id. However, the court may grant an extension for "an additional period of not more than sixty days." Id. The court here desires a report on how Piggott's mental-health condition impacts any or all of the eight sentencing factors listed above.

The court notes that this study overlaps with, but has a different thrust from, the "sentencing alternatives" the mental-health professional is to provide under 18 U.S.C. § 4244. The § 4244 sentencing alternatives report addresses what "kind of treatment" a defendant might need in prison or following imprisonment if he is found to have a mental defect or disease, but that disease or defect is not severe

9

enough to merit full-time treatment at a separate facility in lieu of incarceration. On the other hand, the presentence study pursuant to 18 U.S.C. § 3552(b) has a different starting point: it answers how a defendant's condition--in this case, how Piggott's mental-health condition--impacts the sentence given under 18 U.S.C. § 3553(a). This would include both the amount of time in prison, as well treatment recommendations, as in a § 4244 report.

To illustrate the difference between these two reports, consider the following example. Many defendants may have a diagnosis of antisocial behavior. A § 4244 report addressing a defendant with this condition would first ask whether the defendant should be committed for treatment rather than imprisoned. If the answer is no, the report would then address what treatment a defendant with antisocial behavior would need during and after prison, such as anger-management classes or individual counseling. On the other hand,

the thrust of a presentence study would be whether the defendant's diagnosis would be important for § 3553(a) purposes. This could include treatment options, like those in a § 4244 report, but also can discuss whether a defendant should face any type of custody and, if so, whether a variance in sentencing might be warranted. In short, although the § 4244 and § 3552(b) reports have different thrusts, they still overlap substantially.

While, ordinarily, a § 3552(b) study "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of "a compelling reason." 18 U.S.C. § 3552(b). In this case, the court finds that the fact that Piggott will already be committed to Bureau of Prisons custody for the purposes of a § 4244 evaluation constitutes a compelling reason to order that the

11

§ 3552(b) study be conducted by the Bureau of Prisons as well.

***

Accordingly, it is ORDERED as follows:

(1) With regard to defendant Richard Piggott's general commitment:

    (A) The Attorney General should find a placement for defendant Piggott for the purposes as set forth in this order.

    (B) Defendant Piggott is to self-surrender to the facility identified by the Attorney General. Once the evaluations are complete, he will be released under the same conditions that he arrived at the facility--that is, on his own, to his family.

    (C) Defendant Piggott will be responsible for the cost of transportation to and from the facility.

(2) With regard to 18 U.S.C. § 4244:

    (A) Defendant Piggott will be examined for a reasonable period, not to exceed 30 days from the date

of his admission at the appropriate facility, by a licensed or certified psychiatrist or psychologist pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c).  The director of the facility at which Piggott is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4244(b) and § 4247(b) & (c).  The report shall include an opinion whether defendant Piggott is presently suffering from a mental disease or defect for which he should be committed to a suitable facility for care in lieu of imprisonment.

(C) If the report includes the opinion that defendant Piggott is suffering from a mental disease or defect but that he does not require custody for care or treatment in a suitable facility, the report shall also include, pursuant to 18 U.S.C. § 4244(b), an opinion by the examiner concerning the sentencing alternatives

that could best accord the him the kind of treatment he does need.

(3) Finally, with regard to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Piggott's psychological condition for the purposes of sentencing and shall include their findings in either the § 4244 evaluation or in a separate study to be presented to this court within 60 days of defendant Piggott's admission to the facility. The court, in its discretion, may thereafter extend the period for no more than 60 additional days. In particular, the report or study shall address:

(A) How defendant Piggott's psychological condition, particularly as it may relate to his intellectual and emotional development, impacts the sentencing factors set forth in 18 U.S.C. § 3553(a); and

that could best accord the him the kind of treatment he does need.

(3) Finally, with regard to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Piggott's psychological condition for the purposes of sentencing and shall include their findings in either the § 4244 evaluation or in a separate study to be presented to this court within 60 days of defendant Piggott's admission to the facility. The court, in its discretion, may thereafter extend the period for no more than 60 additional days. In particular, the report or study shall address:

(A) How defendant Piggott's psychological condition, particularly as it may relate to his intellectual and emotional development, impacts the sentencing factors set forth in 18 U.S.C. § 3553(a); and

   **(B) Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).**

  **DONE, this the 2nd day of December, 2014.**

           <u> /s/ M<u>y</u>ron H. Thompson </u>
           **UNITED STATES DISTRICT JUDGE**