AO 245B    (Rev. 09/11) Judgment in a Criminal Case

v1         Sheet 1

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| | ) |
| RICHARD PIGGOTT | ) Case Number:  2:14cr124-01-MHT |
| | ) USM Number: 15342-002 |
| | ) |
| | ) Stephen P. Ganter |
| | Defendant's Attorney |

### THE DEFENDANT:

☑ pleaded guilty to count(s) ___One of the Felony Information on May 7, 2014___

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2252A(a)(5) | ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING PORNO | 1/31/2009 | 1 |

☐ See additional count(s) on page 2

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 24, 2015
_____
Date of Imposition of Judgment


/s/ Myron H. Thompson
_____
Signature of Judge

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
_____
Name of Judge                            Title of Judge

April 27, 2015
_____
Date

AO 245B   (Rev. 09/11) Judgment in a Criminal Case

v1          Sheet 2 — Imprisonment

DEFENDANT:  RICHARD PIGGOTT
CASE NUMBER:  2:14cr124-01-MHT

Judgment Page: 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 Months and 1 Day.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a facility where sex offender treatment is available.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2:00 p.m. on _____5/26/2015_____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B        (Rev. 09/11) Judgment in a Criminal Case
v1             Sheet 3 — Supervised Release

DEFENDANT:   RICHARD PIGGOTT                                    Judgment Page: 3 of 6
CASE NUMBER:   2:14cr124-01-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Life

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☑   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
v1         Sheet 3C — Supervised Release

DEFENDANT:  RICHARD PIGGOTT                                      Judgment Page: 4 of 6
CASE NUMBER:  2:14cr124-01-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall reside at Dismas Charities, Incorporated, a community corrections facility maintained or under contract to the Federal Bureau of Prisons, located at 5209 Old Hwy 42, Hattiesburg, Mississippi 39401, for a term of 12 months and shall comply with the rules of that facility.  This term shall begin immediately after the defendant's completion of incarceration. It is ordered that the Bureau of Prisons assist the defendant with obtaining this placement prior to his release from custody. If the defendant is unable to obtain placement immediately after the completion of his sentence of imprisonment, the defendant shall be placed on supervised release until placement is available.

2. The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer.

3. The defendant shall have no contact with children under the age of 18, and will refrain from entering into any place where children normally congregate, without the written approval of the court.

4. The defendant shall have no direct or indirect contact with the victim(s) in this case.

5. The defendant shall not possess any form of pornography, sexually stimulating or sexually oriented material depicting children under the age of 18. The defendant shall not enter any location where such pornography or erotica can be accessed, obtained, or viewed.

6. The defendant shall allow, at the discretion of the probation officer, installation on his electronic device or computer any hardware or software system to monitor his computer use and give the probation officer full access to any electronic device or computer. The defendant shall pay the cost of any monitoring equipment/service based upon his ability to pay as determined by the probation officer.

7. The defendant shall submit his person,  and any property, house, residence, vehicle, papers, computer, or other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
v1          Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  RICHARD PIGGOTT
CASE NUMBER:  2:14cr124-01-MHT

Judgment Page: 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ $2,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Marc C. Lenahan | | $1,000.00 | |
| In trust for "Angela" | | | |
| 2655 Villa Creek, Suite 204 | | | |
| Dallas, TX 75234 | | | |
| | | | |
| Carol L. Hepburn, PS | | $1,000.00 | |
| In trust for "Marineland" | | | |
| 2722 Eastlake Ave E, Suite 200 | | | |
| Seattle, WA 98102 | | | |
| **TOTALS** | $0.00 | $2,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
v1              Sheet 6 — Schedule of Payments

Judgment Page: 6 of 6

DEFENDANT:  RICHARD PIGGOTT
CASE NUMBER:  2:14cr124-01-MHT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ ___2,100.00___  due immediately, balance due

      ☐  not later than _____ , or
      ☑  in accordance      ☐  C,    ☐  D,    ☐   E, or    ☑  F below; or

**B**  ☐  Payment to begin immediately (may be combined with     ☐ C,      ☐ D, or      ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____*(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

      All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post
      Office Box 711, Montgomery, Alabama 36101. Any amount of restitution remaining at the start of supervision shall be paid at
      the rate of not less than $100 per month (to each victim).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

      (a) 2 cd/dvds; (b) one Compaq Presario V4000 desktop computer, serial number 2CE5420X5N, containing a Western
      Digital 40GB hard drive, serial number WCAAT5403874; (c) one Emachine W2040 desktop computer, serial number
      CBM32B0042782, containing a Toshiba 60GB hard drive, serial number 94SM9814S.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.